UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLOYD MAYWEATHER, JR., an individual,<br><br>                Plaintiff,<br><br>– against –<br><br>DANIEL GEIGER, an individual; INSIDER, INC., a Delaware corporation; and DOES 1–100, inclusive,<br><br>                Defendants. | PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE<br><br>Case No. 1:25-cv-03617 |

Plaintiff Floyd Mayweather, Jr. ("Plaintiff"), by and through undersigned counsel, respectfully submits this response to the Court's August 25, 2025 Order to Show Cause (ECF No. 15).

## I. INTRODUCTION

Plaintiff acknowledges that service of the summons and complaint was not completed within the ninety (90) days provided under Federal Rule of Civil Procedure 4(m). However, good cause exists for this delay, and service has now been completed on all defendants. Accordingly, the Court should discharge the Order to Show Cause and allow this action to proceed on the merits.

## II. GOOD CAUSE EXISTS FOR THE DELAY

Plaintiff and his counsel have acted in good faith and diligently pursued service. The delay was not the result of neglect or bad faith, but rather circumstances outside Plaintiff's control:

### a. Difficulty Identifying a Proper Service Address for Defendant Geiger

Since filing the complaint on April 30, 2025, Plaintiff's counsel made repeated efforts to identify a valid and reliable service address for individual Defendant Daniel Geiger. These efforts included searches of public records, inquiries with third parties, and consultation with investigators. Because Defendant's residence and business affiliations were not readily ascertainable, locating a proper address for service took longer than anticipated.

### b. *Pro Hac Vice* Admission of Counsel in Light of Court's Settlement Order

On May 5, 2025, This Honorable Court ordered that "[c]ounsel who appear at the pretrial conference must be authorized to negotiate terms of settlement." (ECF No. 3.) To comply with that directive and ensure Plaintiff's lead counsel could attend all hearings and settlement discussions with full authority, Plaintiff's counsel prioritized preparing and filing *pro hac vice* applications. This Honorable Court granted Plaintiff's *pro hac vice* motion on August 22, 2025 (ECF No. 9). Out of caution and respect for the Court's Order, Plaintiff delayed requesting issuance of summonses until admission was confirmed, to ensure counsel could properly appear and negotiate on Plaintiff's behalf.

### c. Service Completed Promptly After Admission

Once *pro hac vice* admission was granted, Plaintiff immediately filed requests for issuance of summonses, which were issued by the Clerk on August 22, 2025 (ECF Nos. 12, 13). Service was then promptly effected on all defendants, with affidavits of service filed on August 25, 2025 (ECF Nos. 16, 17). Thus, any delay has now been fully cured.

**III.   NO PREJUDICE TO DEFENDANTS**

Defendants are not prejudiced by the short delay. The case is still in its earliest stages; no substantive proceedings have occurred, and no defendant has yet to appear. Allowing this action to proceed will not unfairly disadvantage Defendants but will instead promote adjudication of the dispute on its merits.

**IV.   EXTENSION IS WARRANTED**

Even if This Honorable Court were to find that "good cause" under Rule 4(m) is not established, the Court retains discretion to extend the time for service. See *Zapata v. City of New York*, 502 F.3d 192, 196–97 (2d Cir. 2007). The relevant factors—Plaintiff's good-faith efforts, absence of prejudice, and the fact that service has already been completed—strongly favor allowing the case to proceed.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that This Honorable Court discharge its Order to Show Cause and allow this action to proceed now that all defendants have been served.

Respectfully submitted,

Dated:  August 26, 2025

Benjamin M. Cutchshaw, Esq.
California Bar No. 263483
(Admitted *pro hac vice*)
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626

*Attorneys for Plaintiff*
FLOYD MAYWEATHER, JR.