# EXHIBIT 2



21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth McNamara**
(212) 603-6437  tel
(212) 379-5237  fax

lizmcnamara@dwt.com

October 1, 2025

**VIA EMAIL**

Richard Anthony Portale
PORTALE RANDAZZO LLP
245 Main street, Suite 605
White Plains, NY 10601
rportale@portalerandazzo.com

Benjamin Cutchshaw
SAMINI BLOCK APC
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
benjamin.cutchshaw@saminilaw.com

Re:     *Mayweather v. Geiger et al* **1:25-cv-03617-JPO**

Dear Benjamin and Richard:

     As you know, we are counsel to Daniel Geiger and Business Insider.  We have now had time to review the allegations in the complaint you filed in the above-referenced action, as well as the communications between Mr. Geiger and Ayal Frist, Jona Rechnitz and "James McNair."  We are deeply concerned that, in addition to the claims having no merit, it appears that many of the allegations are made up out of whole cloth.  We wanted to give you an opportunity to provide us with evidence substantiating your claims before we bring this to matter to the Court's attention.

     ***First,*** as you know, the article at issue in this lawsuit ("Article") reports that Mr. Mayweather posted an Instagram video in which he claimed he purchased an entire portfolio of 62 affordable housing apartments in Manhattan.  Mr. Mayweather stated that "all the buildings belong to me.  I don't have no partners."  As the Article reports, that does not appear to be correct.  Instead, "according to New York City property records, none of the 62 buildings changed hands."  We are not aware of any evidence in the relevant property records that would substantiate a sale of the buildings at issue. To be clear, Mr. Geiger and Business Insider believed at the time of publication of the Article that there is no evidence a sale of these properties was made – and they believe that to be true today.

Page 2

Related to this allegation, you also allege that Mr. Geiger "refus[ed] to review offered [sale] documents." But, now, having reviewed Mr. Geiger's correspondence, that appears to be false. To the contrary, Mr. Geiger repeatedly asks for any proof there had been a sale – and Mr. Frist and Mr. Rechnitz refused to provide any proof whatsoever. Mr. Frist even claimed that "we have the loan docs," evidencing the sale – and yet, he never provided those documents. In short, the central allegation of the complaint turns on Mr. Mayweather's supposed sole ownership of the 62 buildings at issue. Yet, the public record says the opposite. If there is proof that Mr. Mayweather purchased these buildings, please provide us with such evidence by October 6 so we have time to adequately address them in our response to the complaint.

*Second*, we have now listened to both of the phone calls with Mr. Frist and "James McNair" which, as I am sure you know, were taped. Your complaint's allegations about supposed racist remarks made by Mr. Geiger in these conversations appear to be pure fiction. Mr. Geiger never made any of the statements attributed to him in paragraphs 18 or 19 of the Complaint. We are concerned that there has been a complete lack of due diligence in making these entirely unfounded claims. Again, please provide us with any evidence that could possibly support those allegations by October 6.

*Third*, and similarly, your complaint alleges – without any factual support – that Mr. Geiger authored "opinion pieces lamenting the near-absence of Blacks in NYC commercial real estate, repeatedly inferring that major transactions by Black investors are publicity stunts." This allegation too seems divorced from reality. Mr. Geiger does not write opinion pieces, and, based on our review, we cannot find any article (or Op-Ed) that he has authored that matches this description.[1] Please point us to the opinion pieces that support Paragraph 25 of the Complaint by October 6.

There are many other allegations in the complaint that appear to have no factual basis. But, the three allegations above appear to be the heart of your complaint and we can find no plausible support for them. We are evaluating our options on how best to address this situation and we wanted to provide one final opportunity for you to provide us with any evidence supporting these claims.

We remain open to scheduling a call to discuss these matters if you believe it would be productive. This correspondence is without waiver of our clients' rights and defenses, each of which are expressly reserved.

Sincerely,

*Elizabeth A. M*——

Elizabeth A. McNamara

---

[1] We are aware of only one article (from 2020) even discussing Black investors. This article (which is not an opinion piece) focuses on the barriers professionals of color still face while trying to enter New York's real-estate industry, but in no way infers that "any major transactions of Black investors are publicity stunts," so we assume this is not one of the articles you are referring to.