**PORTALE RANDAZZO, LLP**
Richard A. Portale
rportale@portalerandazzo.com
245 Main Street, Suite 605
White Plains, NY 10601

**SAMINI BLOCK APC**
Bobby Samini (SBN 181796) *(pro hac vice pending)*
bobby.samini@saminilaw.com
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Telephone: (949) 724-0900

*Attorneys For Plaintiff and Counter-Defendant*
FLOYD MAYWEATHER, JR.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLOYD MAYWEATHER, JR., an individual<br><br>Plaintiffs,<br><br>vs.<br><br>DANIEL GEIGER, an individual; INSIDER, INC., a Delaware corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 1:25-cv-03617-JPO<br><br>**FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

*(Left margin, vertical text)* SAMINI BLOCK APC — 650 Town Center Drive, Suite 1500 — Costa Mesa, California 92626 — Tel. (949)724-0900

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

SAMINI BLOCK APC
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

1   Plaintiff and Counter-Defendant Floyd Mayweather, Jr. ("Counter-Defendant"), by and

2   through his undersigned attorneys, Portale Randazzo and Samini Block APC, hereby answers the

3   counterclaim of Defendants and Counterclaimants Daniel Geiger and Insider, Inc. ("Insider")

4   (together "Counterclaimants"), as follows. To the extent any allegation is not expressly admitted,

5   it is denied.

6                                           **INTRODUCTION**

7        1.     Counter-Defendant incorporates and repeats as if fully set forth herein its

8   admissions, denials, and other answers to the allegations set forth in the above Paragraphs.

9        2.     Counter-Defendant admits that on March 31, 2025, Business Insider published an

10  article titled "Floyd Mayweather Jr. bragged about a $400 million property deal. There's just one

11  problem," and that it lists Daniel Geiger and Ellen Thomas as authors; Counter-Defendant denies

12  the remaining allegations in Paragraph 2, including any assertion that New York City public

13  property records "have not recorded any change in ownership" to Mr. Mayweather or Vada

14  Properties for "any" buildings in the portfolio.

15       3.     Counter-Defendant admits only that Counterclaimants allege Mr. Geiger reviewed

16  certain public records and communicated with certain sources; Counter-Defendant denies that Mr.

17  Geiger conducted an adequate or unbiased investigation and denies that Mr. Mayweather refused

18  all communication, including that Mr. Geiger "was never able to directly communicate" with

19  him, and otherwise denies the remaining allegations in Paragraph 3.

20       4.     Counter-Defendant denies Paragraph 4, including the assertion that Mr. Geiger

21  "repeatedly asked" for proof and that "representatives never provided any such proof," and states

22  that Mr. Geiger was invited to review transaction documents validating ownership interests and

23  refused.

24       5.     Counter-Defendant admits only that he initiated this lawsuit in April 2025;

25  Counter-Defendant denies the remaining allegations in Paragraph 5, including that the Complaint

26  is "filled with demonstrably false allegations," that it attributes statements never made, or that the

27  action was brought to tarnish or chill reporting.

28

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

6.    Counter-Defendant denies Paragraph 6 in its entirety, including that the litigation is meritless or arises from protected speech and newsgathering, and denies any suggestion that the suit seeks to chill free speech.

7.    Counter-Defendant admits that New York has enacted anti-SLAPP protections; to the extent Paragraph 7 contains legal argument or conclusions about SLAPP suits, no response is required, and any such allegations are denied to the extent a response is deemed required.

8.    Counter-Defendant admits that on November 10, 2020, New York's Governor signed legislation amending New York's anti-SLAPP law; to the extent Paragraph 8 states legal conclusions, no response is required, and any disputed assertions are denied.

9.    To the extent Paragraph 9 contains legal conclusions regarding procedure or creates "substantive right" characterizations, no response is required, and any disputed assertions are denied.

10.    Counter-Defendant admits only that New York Civil Rights Law § 76-a addresses actions involving communications in connection with an issue of public interest and defines "public interest"; Counter-Defendant denies the remaining allegations and legal characterizations in Paragraph 10.

11.    Counter-Defendant denies each and every one of the allegations in Paragraph 11.

12.    Counter-Defendant denies each and every one of the allegations in Paragraph 12.

13.    Counter-Defendant denies each and every one of the allegations in Paragraph 13.

## PARTIES

14.    Counter-Defendant lacks knowledge or information sufficient to form a belief as to Paragraph 14's allegation that Insider, Inc. is a Delaware limited liability company with its principal place of business in New York, and on that basis denies the allegation.

15.    Counter-Defendant admits the allegations in Paragraph 15.

16.    Counter-Defendant admits the allegations in Paragraph 16.

## JURISDICTION AND VENUE

SAMINI BLOCK APC
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

SAMINI BLOCK APC
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

17.     Paragraph 17 states legal conclusions regarding supplemental jurisdiction; no response is required. To the extent a response is required, Counter-Defendant denies that the Counterclaim meets the standards of 28 U.S.C. § 1367 and denies Defendants' characterizations.

18.     Paragraph 18 states legal conclusions regarding personal jurisdiction; no response is required. To the extent a response is required, Counter-Defendant does not–at this time and for purposes of this case only–contest that this Court has personal jurisdiction over him.

19.     Paragraph 19 states legal conclusions regarding venue; no response is required. To the extent a response is required, Counter-Defendant admits that Defendants allege venue is proper under 28 U.S.C. § 1391 but denies any improper characterization.

20.     Paragraph 20 states legal conclusions regarding choice of law; no response is required. To the extent a response is required, Counter-Defendant denies that New York law necessarily governs all claims and defenses.

## FACTUAL BACKGROUND

21.     Counter-Defendant admits that on or about February 21, 2025, he posted a video on Instagram announcing a purchase of a portfolio and that the video included statements concerning ownership; Counter-Defendant denies any implication that the statements were false or misleading and denies any characterization adverse to him.

22.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 22 and therefore denies the allegations.

23.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 23 and therefore denies the allegations.

24.     Counter-Defendant lacks knowledge sufficient to form a belief as to whether or not Mr. Geiger researched certain addresses and reviewed the Vada Properties website and therefore denies the allegations; Counter-Defendant lacks knowledge sufficient to form a belief as to whether or not Mr. Geiger and Ellen Thomas researched certain addresses and reviewed the ACRIS website and therefore denies the allegations; Counter-Defendant denies any implication that any such review was complete, unbiased, or dispositive of ownership and denies the remaining allegations in Paragraph 24.

— 4 —

**SAMINI BLOCK APC**
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

25.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 25 and therefore denies the allegations.

26.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 26 and therefore denies the allegations.

27.     Counter-Defendant denies each and every one of the allegations in Paragraph 27, including any suggestion that Mr. Mayweather or Vada Properties do not appear on relevant deeds or that such absence would be dispositive of his interests.

28.     Counter-Defendant denies each and every one of the allegations in Paragraph 28, including the assertion that "none" of the properties listed Vada Properties or Mr. Mayweather as owner, that this was true at publication and "remains true today," and the characterization of the Department of Finance's "confirmation."

29.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 29 beyond acknowledging Defendants' characterization that Mr. Geiger sought information from Black Spruce and Orbach; Counter-Defendant denies the remaining allegations and characterizations, including any implication adverse to him.

30.     Paragraph 30 contains legal assertions and Mr. Geiger's claimed "experience"; Counter-Defendant denies the allegations to the extent they are asserted as facts dispositive of Mr. Mayweather's ownership interests.

31.     Counter-Defendant denies each and every one of the allegations in Paragraph 31, including any assertion that the absence of certain ACRIS filings proves lack of ownership.

32.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 32 and therefore denies the allegations.

33.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 33 and therefore denies the allegations, including the characterization of affordable housing transactions and the example cited.

34.     Counter-Defendant denies Paragraph 34, including the assertion that the NYC Housing Partnership would necessarily have been advised and that it had not been advised of any sale relevant to Mr. Mayweather's interests.

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

**SAMINI BLOCK APC**
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

35.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 35 and therefore denies the allegations, including any characterization of the calls and recordings. Counter-Defendant admits/denies

36.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 36 and therefore denies the allegations.

37.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 37 and therefore denies the allegations.

38.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 38 and therefore denies the allegations.

39.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 39 and therefore denies the allegations.

40.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 40 and therefore denies the allegations.

41.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 41 and therefore denies the allegations, including any assertion that Mr. Geiger did not refuse to review documents and any characterization of the referenced communications.

42.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 42 and therefore denies the allegations, including the characterization of any "small minority ownership" claim.

43.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 43 and therefore denies the allegations.

44.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 44 and therefore denies the allegations.

45.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 45(a)-(g) and therefore denies the allegations.

46.     Counter-Defendant denies Paragraph 46, including any assertion that the Complaint falsely characterizes Defendants' knowledge or conduct.

47.     Counter-Defendant denies each and every one of the allegations in Paragraph 47.

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

**SAMINI BLOCK APC**
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

48.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 48 and therefore denies the allegations.

49.     Counter-Defendant lacks knowledge sufficient to form a belief as to Paragraph 49 and therefore denies the allegations.

50.     Counter-Defendant admits only that he filed this action on April 30, 2025; he denies the remaining allegations in Paragraph 50 concerning service, timing, and any insinuation of delay or deficiency.

51.     Counter-Defendant denies each and every one of the allegations in Paragraph 51.

52.     Counter-Defendant denies each and every one of the allegations in Paragraph 52.

53.     Counter-Defendant denies each and every one of the allegations in Paragraph 53.

54.     Counter-Defendant denies each and every one of the allegations in Paragraph 54.

55.     Counter-Defendant denies each and every one of the allegations in Paragraph 55.

56.     Counter-Defendant denies each and every one of the allegations in Paragraph 56.

## COUNT 1

### (VIOLATION OF N.Y. CIVIL RIGHTS LAW §§ 70-a, 76-a)

57.     Paragraph 57 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 57.

58.     Paragraph 58 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 58.

59.     Paragraph 59 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 59.

60.     Counter-Defendant denies each and every one of the allegations in Paragraph 60.

61.     Counter-Defendant denies each and every one of the allegations in Paragraph 61.

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

SAMINI BLOCK APC
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

62.     Paragraph 62 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 64.

65.     Counter-Defendant denies each and every one of the allegations in Paragraph 65.

66.     Paragraph 66 contains legal conclusions that do not require a response. To the extent a response is required, Counter-Defendant denies each and every one of the allegations in Paragraph 66.

## PRAYER FOR RELIEF

With respect to the Wherefore clause in the Counterclaim, Counter-Defendant denies that Counterclaimants are entitled to any relief, including a judgment against Counter-Defendant, damages, profits, costs, expenses, attorneys' fees, interest, or any other relief.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Counterclaim. Counter-Defendant denies allegations, declarations, claims, or assertions in the Counterclaim that are not specifically admitted in this Answer. To the extent that the headings contained in the Counterclaim constitute allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

Further responding to the Counterclaim, Counter-Defendant asserts the following defenses. Counter-Defendant does not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Counter-Defendant does not in any way waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein. The defenses are pleaded in the

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

alternative, are raised to preserve Counter-Defendant's right to assert such defenses, and are raised without prejudice to the Counter-Defendant's ability to raise other and further defenses. Counter-Defendant reserves the right to amend, supplement, and/or otherwise modify this Answer, including without limitation the right to assert additional defenses that become known to it through discovery or otherwise.

## FIRST DEFENSE

Daniel Geiger and Insider's Counterclaim, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Daniel Geiger and Insider are not entitled to costs and attorneys' fees including because Mayweather's claim for defamation has a substantial basis in fact and law.

## THIRD DEFENSE

Daniel Geiger and Insider are not entitled to damages including because they cannot demonstrate that Mayweather's suit was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights.

## FOURTH DEFENSE

Daniel Geiger and Insider's Counterclaim is barred because the statements alleged by Mayweather as the basis for Mayweather's claim were false, defamatory statements and thus do not constitute protected speech.

## FIFTH DEFENSE

Daniel Geiger and Insider's Counterclaim is barred and/or limited by reason of their own bad faith or unclean hands.

## SIXTH DEFENSE

Daniel Geiger and Insider's Counterclaim is barred because it violates Mayweather's rights under the United States Constitution, including under the First and Seventh Amendment.

## SEVENTH DEFENSE

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

**SAMINI BLOCK APC**
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

Daniel Geiger and Insider's Counterclaim is frivolous within the meaning of § 8303-a of the New York Civil Practice Law and Rules.

### EIGHTH DEFENSE

Daniel Geiger and Insider's Counterclaim is without merit and without substantial basis in fact and law within the meaning of New York Civil Rights Law § 70-a. Accordingly, to the extent that statute applies in this litigation at all (which Mayweather disputes), Daniel Geiger and Insider's Counterclaim is itself a violation of the anti-SLAPP statute as it seeks to chill Mayweather's free speech on a matter of public interest-speech that was made in a public forum to seek redress for Daniel Geiger and Insider's defamatory campaign. Mayweather reserves the right to seek its own claim for fees and damages in connection with Daniel Geiger and Insider's anti-SLAPP violations.

Dated: November 25, 2025              **PORTALE RANDAZZO, LLP**

                                      **/s/ Richard A. Portale**
                                      Richard A. Portale
                                      *Attorney for Plaintiff and Counter-Defendant,* Floyd Mayweather, Jr.

**SAMINI BLOCK APC**
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Tel. (949)724-0900

FLOYD MAYWEATHER JR.'S ANSWER TO DEFENDANTS' COUNTERCLAIM